NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**In re: ACCESSIBE LTD.,**
*Petitioner*

---

2022-113

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00997-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before DYK, REYNA, and CHEN, *Circuit Judges*.

PER CURIAM.

## O R D E R

accessiBe Ltd. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to vacate its November 3, 2021 order denying transfer and to transfer this matter to the United States District Court for the Western District of New York.  AudioEye, Inc. opposes the petition.  accessiBe replies.

AudioEye brought this suit in the Western District of Texas against accessiBe, asserting patent infringement claims, Lanham Act claims of false advertising and product disparagement, and New York state law claims of product

disparagement, slander/defamation, tortious interference with prospective economic advantage, deceptive business practices, and unjust enrichment. AudioEye's complaint alleges, among other things, that accessiBe made false, misleading, and disparaging statements regarding Audio-Eye's products and services to two companies located in the Western District of New York and an unnamed "consumer in New York." Appx0082 at ¶¶ 184, 189; *see* Pet. at 6.

accessiBe moved to transfer the case under 28 U.S.C. § 1404(a) to the Western District of New York. On November 3, 2021, the district court denied the motion. The district court found that accessiBe had failed to establish that this action "might have been brought" in the transferee venue. § 1404(a). More specifically, the district court found that accessiBe had "not met or even attempted to meet its burden with respect to the [Western District of New York]'s exercise of personal jurisdiction over accessiBe for any, much less all, of the claims at issue here." Appx0003. Having found that the threshold requirement for transfer had not been established, the district court did not analyze the relevant private and public transfer factors. accessiBe then filed this petition, contending that the district court violated the party presentation rule because there was no disagreement between the parties that the transferee venue had personal jurisdiction over accessiBe.

To obtain mandamus relief, this court must be satisfied that a petitioner has no "adequate alternative" means to obtain the desired relief. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989). Here, we cannot say that it would be futile for accessiBe to ask the district court to first reconsider its decision in light of its arguments. *See In re BigCommerce, Inc.*, 890 F.3d 978, 982 (Fed. Cir. 2018); *In re Nat. Oilwell Varco, L.P.*, 2015-140, 2015 WL 10936642 at *2 (Fed. Cir. Aug. 7, 2015) (collecting cases). We therefore deny the petition without prejudice to refiling after accessiBe first asks the district court for reconsideration. Any new petition for a writ of mandamus

IN RE: ACCESSIBE LTD.                                                    3

from the district court's ruling on reconsideration will be considered on its own merits.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

December 06, 2021          /s/ Peter R. Marksteiner
        Date               Peter R. Marksteiner
                           Clerk of Court

s32